IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 5:03-00172-01

**ORLANDO DAILEY**

### MEMORANDUM OPINION AND ORDER

Pending before this court is the defendant's motion to preserve right to file pre-trial motions which the court interprets as a motion to continue. In the motion, defense counsel states that additional time is needed to investigate a new charge contained in a superseding indictment filed against the defendant. That indictment contains an additional charge not contained in the original indictment.

Defense counsel appears to make much of the fact that a superseding indictment has been filed and that the defendant will be re-arraigned with respect to the new charge. This court notes that the Speedy Trial Act clock is not automatically continued by virtue of the return of a superseding indictment. See United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985) ("Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment."). The Supreme Court has stated that "where a superseding indictment adds new charges, trial of the original charges must begin 'within the time limit for commencement of trial on the original indictment or information.'" Id. at 236 (citing Speedy Trial Act Amendments Act of 1979, Pub. L. 96-43, 93 Stat. 327, 417).

The policy rationale of this rule is sound. As the Fifth Circuit has stated, "[the] rule prevents the government from circumventing the speedy-trial guarantee by restarting the speedy-trial clock by obtaining superseding indictments with minor corrections." See United States v.

Gonzales, 897 F.2d 1312, 1316 (5th Cir. 1990 ("The filing of a superceding indictment does not affect the speedy-trial clock for offenses charged in the original indictment. . . . The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment.").

Despite the lack of an automatic exclusion after the filing of a superseding indictment, the Supreme Court has recognized that 18 U.S.C. § 3161(h)(8) may justify the exclusion of time in appropriate situations.  See Rojas-Contreras, 474 U.S. at 236.  In the case at hand, defense counsel avers that additional time is needed to investigate the new charge and to prepare any necessary pre-trial motions related to the new charge.  Because the defendant requests additional time to prepare in light of the new count in the superseding indictment, the court concludes that § 3161(h)(8) would warrant the exclusion of time from the speedy-trial clock.  Accordingly, the motion is GRANTED and the trial of this matter is RESCHEDULED to July 20, 2005, at 9:30 a.m. in Beckley.  In conjunction with this order, the court finds and concludes that the best interests of the public and the defendant in a speedy trial are outweighed by the ends of justice served by a continuance.  Specifically, the court concludes that the ends of justice served by allowing defense counsel adequate time to prepare for this matter outweigh the public's and the defendant's interest in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A).  In making this determination, the court has considered the factors outlined in 18 U.S.C. § 3161(h)(8)(B) and found that the failure to grant the additional time would likely "make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(i).  Accordingly, the court hereby ORDERS as follows:

    1.    Trial of this action is continued until July 20, 2005, at 9:30 a.m. in Beckley.

2. A hearing on pretrial motions is RESCHEDULED for July 13, 2005, at 4:00 p.m. in Beckley.

3. Pretrial motions are due on or before July 1, 2005.

4. Proposed voir dire and jury instructions are due to the court on or before July 14, 2005.

5. Pursuant to 18 U.S.C. § 3161(h)(8)(A), the time from the filing of defendant's motion until the trial is excludable for purposes of the Speedy Trial Act.

The Clerk is directed to FAX and mail copies of this Memorandum Opinion and Order to all counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

It is SO ORDERED this 9th day of May, 2005.

ENTER:

David A. Faber
Chief Judge